per curiam:
These Indian tribal claims cases come before the court on (1) defendant’s motion in docket No. 300-A to dismiss that matter for failure of prosecution, filed March 31, 1982; (2) the motion of the Oneida Nation of New York to dismiss docket No. 301, filed June 1, 1982; (3) the motion by the Oneida Nation of Wisconsin for voluntary dismissal of docket No. 301, filed June 4, 1982; (4) plaintiffs’ response and defendant’s reply in docket No. 300-A; and (5) letter from Ray Halbritter, dated July 3, 1982, and letter from Lyman Johns, dated July 5,1982.
These matters have been pending for over 30 years. In prior proceedings, the United States was held liable for damages and the cases have since been pending in the trial *991 division for proceedings to determine the amount of monetary compensation owed to the tribal claimants. United States v. Oneida Nation of New York, 201 Ct. Cl. 546, 477 F.2d 939 (1973); United States v. Oneida Nation of New York, 217 Ct. Cl. 45, 576 F.2d 870 (1978). However, efforts to obtain any substantial progress toward concluding these cases for monetary compensation have not met with success. In large measure this has been caused by the present view of the claimants that their interests would not be served by obtaining any monetary compensation which might result from the conclusion of this litigation. Rather, plaintiffs now prefer to press litigation in other tribunals seeking a determination that they have present title to the land in New York state which is involved in these cases. Under an order issued by the trial judge on May 14,1982, a procedure was established for (1) the filing of dismissal motions; (2) their service on all interested persons; (3) the filing of any responses or comments with respect to the dismissal motions which interested persons wanted the court to consider in ruling upon the motions; and (4) replies to any responses so filed.
The time for all submissions has now expired. No opposition to the dismissal motions cited above has been filed. While sufficient grounds exist for concluding that there has been a failure to prosecute these actions, it is not necessary to reach this decision because a dismissal without prejudice under Rule 102(a)(2) will have the same effect as a dismissal with prejudice. This is because, at this very late date, any reassertion of these claims after they have been dismissed would be barred by the applicable statute of limitations. Section 12 of the Indian Claims Commission Act, 25 U.S.C. § 70k; Navajo Tribe of Indians v. United States, 220 Ct. Cl. 360, 601 F.2d 536 (1979), cert. denied, 444 U.S. 1072 (1980).
Accordingly, in the above circumstances it is ordered that the motions to dismiss cited above are allowed to the extent that the actions in dockets Nos. 300-A and 301 are, pursuant to Rule 102(a)(2), hereby dismissed.